UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22729-BLOOM/Otazo-Reyes

RAJ PATEL,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

_____/

### ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP"), ECF No. [3] (the "Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] (the "Complaint"). Plaintiff Raj Patel ("Plaintiff" or "Patel") has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Complaint, the Motion, and the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is **DENIED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.[1]

    **I.**    **Motion to Proceed** *in forma pauperis*

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or

---

[1] The Court previously issued an Order to Show Cause, ECF No. [5], directing Plaintiff to show cause why this case should not be transferred pursuant to § 1404(a) to the Northern District of Indiana. Plaintiff timely filed a response to the Order to Show Cause, ECF No. [8]. For purposes of this Order, the Court will assume that venue lies in this district.

criminal, or appeal therein, without prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). Section 1915(a) requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[2] An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services ("HHS") poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 7732 (Feb. 1, 2021). Further, the section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Ultimately, permission to proceed *in forma pauperis* is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court.").

---

[2] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

Case No. 21-cv-22729-BLOOM/Otazo-Reyes

Plaintiff swears in his Motion that he receives no income, that he has $550.00 in a checking or savings account, $8,000.00 in credit card debt, and lives with his parents. ECF No. [3] at 1-2. As such, the Court cannot determine whether Plaintiff should be permitted to proceed IFP and requires further information. *See Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013) ("It undeniably costs money to live . . . . Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game, the Court has demanded supplemental information.").

Accordingly, should Plaintiff intend to renew his request to proceed IFP, he must provide the following information to the Court in an amended motion:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) The source of funds to pay for those expenses;

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to a means of transportation owned by someone else, and the monthly cost of such transportation;

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment, and the monthly cost of each;

(5) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution, and the value of those accounts;

(6) Whether he anticipates any future income within the next year, and the amount of any anticipated future income; and,

(7) A list of any other cases showing an indigency-based filing fee reduction or waiver granted by any other court (include the full case name, case number, and the name of

the court granting the reduction or waiver).

Plaintiff must declare these facts to be true under penalty of perjury. If he does not use a preprinted IFP form to respond, he must insert this above his signature: "I declare under penalty of perjury under the laws of the United states of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1).

## II.     The Complaint

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se*

pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

"A claim is frivolous when it 'has little or no chance of success,' that is, when it appears 'from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.'" *Hoang v. DeKalb Housing Authority*, No. 1:13-cv-3796-WSD, 2014 WL 1028926, at *1 (N.D. Ga. Mar. 19, 2014) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim is frivolous "where it lacks an arguable basis either in law or in fact").

The Complaint in this case must be dismissed because it fails to state a claim and is patently frivolous. First, although replete with allegations, the Court cannot discern any actual claims asserted by Plaintiff. Even though the Court liberally construes *pro se* pleadings, the Court is not free to construct causes of action. Here, the Court is unable to ascertain any claims for relief from Plaintiff's allegations in the Complaint.

Second, Plaintiff invokes no specific legal theory or statute giving rise to any claim. Instead, the Complaint weaves an incoherent narrative about a purported conspiracy against him arising from an alleged "bio-stress weapon" being used to damage his academic, social, and professional prospects by Defendants, who appear to include at least one of his law school professors and former President Donald J. Trump. *See generally* ECF No. [1]. In addition, Plaintiff

refers to his rights pursuant to a host of constitutional provisions and statutes but does not tie them to any claim.[3] As presented in the Complaint, Plaintiff's claims are baseless and thus, must be dismissed as frivolous. *Jackson v. Arnold*, 2014 WL 1783859, at *1 (S.D. Ga. April 1, 2014) ("Jackson's complaint is subject to immediate dismissal since it is patently frivolous. He invokes no legal theory or statute, and relies on a facially absurd 'Affidavit' in which he declares himself a 'living, breathing, flesh-and-blood, sentient, real man who has formed a contract' with the defendants. . . . At best he advances babbling nonsense.") (quotation marks omitted); *see, e.g.*, *Iqbal*, 556 U.S. at 696 ("The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar"); *Neitzke*, 490 U.S. at 328 (a complaint is legally frivolous when it contains "claims of infringement of a legal interest which clearly does not exist"); *Gallop v. Cheney*, 642 F.3d 364, 366, 368-69 (2d

---

[3] For example, Plaintiff asserts that

> [b]eyond these aforementioned statutory and constitutional matters, my First Amendment right to Free Exercise of Religion, Academic Freedom, prohibition of Establishment of Religion, Fourth Amendment unlawful search and seizure, 13th Amendment, 5th and/or 14th Amendment Due Process, the Guarantee Clause, federally-prohibited "pains" were violated, breach of contract, defamation, theft of intellectual property (my verbatim word patterns), and civil-Racketeer Influenced and Corrupt Organizations ("R.I.C.O.") Act (with possible multiple predicate crimes) violations, tortious interference in a business transaction, honest services duties, and functional removal the constitutional *ipso facto* office of a qualified, selectable candidate for the United States Presidency. 18 U.S.C. §§ 1931-34 and 1951, and 1961 *et seq*. and 42 U.S.C. § 1983. Art. 17, § 2 of the Universal Declaration of Human Rights of the United Nations; 18 U.S.C. §§ 1961-1968 and 1343-1346; *United States v. Nixon*, 418 U.S. 683 (1974); and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

ECF No. [1] at 1.

Cir. 2011) (district court properly *sua sponte* dismissed complaint as factually frivolous where plaintiff alleged that senior government officials caused the September 11, 2001 attacks); *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (holding that complaint may be dismissed before service of process where its legal theories are indisputably meritless).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion, **ECF No. [3]**, is **DENIED**.
3. Plaintiff may file an amended complaint that conforms to federal pleading standards, **on or before August 13, 2021**. Plaintiff may also renew his request to proceed IFP including the required information set forth in this Order.
4. Plaintiff is advised that should he not file an amended complaint or renew his request to proceed IFP (or pay the applicable filing fee), the Court will dismiss this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 3, 2021.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Raj Patel, *pro se*
1239 Spring Lake Drive
Brownsburg, Indiana 46112
rajp2010@gmail.com