UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22729-BLOOM/Otazo-Reyes

RAJ PATEL,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.
_____/

## ORDER ON AMENDED MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Amended Motion for Leave to Proceed *in Forma Pauperis* ("IFP"), ECF No. [14] (the "IFP Motion"), filed in conjunction with a Motion to Reinstate *Pro Se* Complaint, ECF No. [13] (the "Motion"). Plaintiff Raj Patel ("Plaintiff" or "Patel") has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Complaint, the Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, the Motion is denied, the IFP Motion is denied as moot, and this case is dismissed with prejudice.

Plaintiff filed his Complaint, ECF No. [1], on July 27, 2021 against the United States arising from alleged violations of his privacy through the use of a "bio-stress weapon" as part of an ongoing conspiracy against him. Plaintiff also filed a Motion to Proceed *in Forma Pauperis*, ECF No. [3] ("Initial IFP Motion"). Upon review, the Court denied Plaintiff's Initial IFP Motion, and dismissed his Complaint following screening because it failed to state a claim and was patently frivolous. *See* ECF No. [11] ("Order"). In the Order, the Court explained the relevant pleading standards under Rule 8 of the Federal Rules of Civil Procedure and informed Plaintiff that it was

unable to ascertain any claims for relief from Plaintiff's allegations. *Id*. at 4-5. The Court also noted that Plaintiff had invoked no specific legal theory or statute giving rise to any claims. *Id*. at 5. The Court dismissed the Complaint without prejudice, granted Plaintiff leave to file an amended pleading that conformed to federal pleading standards, and permitted Plaintiff to renew his request to proceed IFP. *Id*. at 7.

Plaintiff thereafter filed his IFP Motion and Motion, requesting that the Court reinstate his Complaint. In the Motion, Plaintiff purports to incorporate the Complaint, the first amendments to complaint, ECF No. [7], and second amendments to the complaint, ECF No. [12]. In addition, the Motion lists several legal theories upon which Plaintiff appears to rely, including (1) "capitalism-rivalry-monopoly theory; (2) inalienable rights theory (especially, Life, Liberty, and the pursuit of Happiness); (3) Stream of Commerce Legal Theory . . .; (4) Legal Theory of Battery; (5) Theory of Fair Play (Due Process); and (6) Theory of Success (Privileges and Immunities and Revenues-Income)." ECF No. [13] at 1. Plaintiff sets forth in seventeen (17) numbered paragraphs, a disjointed collection of nonsensical and seemingly delusional statements. For example, Plaintiff alleges that "[w]hile at his apartment in 2018, after contacting President Trump and Members of Congress, Plaintiff sees a bunch of white rings fly into his person. Soon a drilling sound begins and a low-pitch ringing sound begins, which rapidly causes weight gain and irritation." *Id*. at 4 ¶ 11.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s

pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

Although entitled to some leniency as a *pro se* litigant, Plaintiff has failed to cure the deficiencies noted in the prior Order and fails to set forth any plausible claims for relief. First, assuming that Plaintiff's incorporation by reference of his Complaint and subsequent amendments was proper, he has not addressed the fundamental issues noted by the Court in the Order. The Court already determined that the Complaint was frivolous and failed to state a claim, and thus Plaintiff's reliance upon it is unavailing. In addition, the first amendments, ECF No. [7], appear to be the report and results of a lie detector test taken by Plaintiff, and the second amendments, ECF No. [12], state a single paragraph,

> Nonetheless, Presidential communications (Bush, Obama, and Trump) include the fact the case will be settled of $330M, i.e. monetary damages before weight gain, upon the delivery of a lawsuit, which can happen after law school, as the bio-tech weapon gets illegal reengaged. President Trump clued that a settlement of over $1B was agreed. President Biden has agreed.

ECF No. [12] at 1. However, these filings fail to set forth facts underlying *any* claims for relief, much less plausible ones.

Second, Plaintiff's claims are patently frivolous. "A claim is frivolous when it 'has little or no chance of success,' that is, when it appears 'from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.'" *Hoang v. DeKalb Housing Authority*, No. 1:13-cv-3796-WSD, 2014 WL 1028926, at *1 (N.D. Ga. Mar. 19, 2014) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim is frivolous "where it lacks an arguable basis either in law or in fact"). Plaintiff presents a largely incoherent collection of allegations involving his law school professors, various presidents of the United States and members of Congress, his parents, terrorists, a "bio-stress weapon," and a master plan to hamper his personal, academic, and professional life. However, the Court need not assume the truth of these allegations, and they are insufficient to state a claim. *See, e.g.*, *Iqbal*, 556 U.S. at 696 ("The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar"). Although the Court is sympathetic to Plaintiff's apparently sincerely held belief that he has been wronged, he simply fails to set forth any basis that would entitle him to a legal remedy.

Moreover, the record in this case demonstrates that further leave to amend would be futile. "A district court need not . . . allow an amendment (1) where there has been undue delay, bad faith,

dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The law in this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see also Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (same); *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." (citation omitted)); *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (a *pro se* plaintiff need not be granted leave to amend "where the plaintiff has indicated that he does not wish to amend his complaint, or (2) if a more carefully drafted complaint could not state a claim." (citation and quotations omitted)).

"[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.' " *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *see Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) (same); *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."); *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."); *Aguilar v. United Floor Crew, Inc.*, No. 14-cv-61605, 2014 WL 6751663, at *2 (S.D. Fla. Dec. 1, 2014) (same). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S.

Case No. 21-cv-22729-BLOOM/Otazo-Reyes

178, 182 (1962).

Despite the Court's guidance in the Order, Plaintiff has not been able to cure the deficiencies in the Complaint, nor have any of his subsequent filings provided any additional facts, or actual claims. Furthermore, based upon the filings before the Court and the record in this case, it is evident that any additional attempt by Plaintiff to amend would be unsuccessful.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [13]**, is **DENIED**.
2. The IFP Motion, **ECF No. [14]**, is **DENIED AS MOOT**.
3. The Complaint, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE**.
4. Any remaining motions are denied as moot, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 12, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Raj Patel, *pro se*
1239 Spring Lake Drive
Brownsburg, Indiana 46112
rajp2010@gmail.com